Tina Lemme **NEGRIS**

v.

Armand **CORTELLESSO.**

No. 97–0442–Appeal.

Supreme Court of Rhode Island.

Dec. 10, 1998.

Joseph M. Codega, Barrington.

Louis v. Jackvony, Jr., North Providence.

## ORDER

This case came before the Court for oral argument on November 17, 1998, pursuant to an order entered on March 19, 1998, directing the parties to appear and show cause why the issues raised in the defendant's appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by the appeal should be summarily decided.

This is an appeal by defendant, Armand Cortellesso (Cortellesso), from a judgment entered in favor of the plaintiff, Tina Lemme Negris (Negris), and from the denial of Cortellesso's counterclaim in the same action. Negris sued Cortellesso for failure to pay amounts representing the balance due on a promissory note signed by Cortellesso. For the reasons that follow, we deny Cortellesso's appeal.

In defense of his failure to pay the balance due on the note, Cortellesso alleged that the agreement that resulted in the execution of the promissory note required Negris to reconvey to him a small parcel of real estate that she had not conveyed. He also alleged that there was no adequate consideration supporting the note.

The trial justice, sitting without a jury, however, found that the promissory note that was given by Cortellesso was given in return for the settlement of a previous court action between the parties and that nothing in the settlement agreement required Negris to convey any property to Cortellesso. In addition, he found that the settlement of the litigation constituted adequate consideration for the promissory note. The trial justice, having found that there was no evidence of any agreement

on the part of Negris to turn over the parcel of real estate, determined that she was entitled to the balance due on the note with reasonable attorney fees.[1]

The trial justice also denied Cortellesso's counterclaim in which he had claimed that because the unpaid balance due to Negris on the note was not due until the parcel of real estate was returned to him, and had not been returned, he was entitled to damages resulting from Negris' breach of the alleged agreement. The trial justice, as noted above, having found no such agreement, consequently found that Cortellesso sustained no recoverable damages.

On appeal, Cortellesso contends that the trial justice erred in finding: (1) that the settlement of the pending litigation provided adequate consideration for the promissory note; (2) that there was no evidence to support Cortellesso's assertion that there was an agreement to reconvey the parcel of real estate; and (3) that there was no evidence to support the counterclaim.

In reviewing a decision by a trial justice sitting without a jury, "we extend deferential consideration to the findings made by a trial justice and will not disturb those findings unless he or she overlooked or misconceived material evidence or was otherwise clearly wrong." *Brunelle v. Town of South Kingstown,* 700 A.2d 1075, 1080 (R.I.1997).

A review of the record before us reveals more than substantial evidence therein to support the trial justice's detailed findings. The trial justice simply gave scant credibility to Cortellesso's unsupported contentions and believed Negris's version of the settlement agreement.

For the foregoing reasons, the defendant's appeal is denied and dismissed and the papers are remanded to the Superior Court.

Chief Justice WEISBERGER and Justice GOLDBERG did not participate.

---

**1.** The trial justice determined reasonable attorney fees as $4,944 plus costs.